UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: _____ Denver, PA _____

---

*RELATED CASE IF ANY:* Case Number: _____ Judge: _____

1. Does this case involve property included in an earlier numbered suit?     Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?     Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?     Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?     Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.     Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Wage and Hour Class Action/Collective Action
6. ☐ Patent
7. ☐ Copyright/Trademark
8. ☒ xEmployment
9. ☐ Labor-Management Relations
10. ☐ Civil Rights
11. ☐ Habeas Corpus
12. ☐ Securities Cases
13. ☐ Social Security Review Cases
14. ☐ Qui Tam Cases
15. ☐ Cases Seeking Systemic Relief *see certification below*
16. ☐ All Other Federal Question Cases. *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ All Other Diversity Cases: *(Please specify)* _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒   X Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐   None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration. NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
STELLA VELEZ-SANTIAGO

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Olugbenga O. Abiona, P. O. Box 3326, Cherry Hill, NJ 08034; 2158338227

## DEFENDANTS
CAMPBELL'S SOUP CO., PEPPERIDGE FARM INC., and SHERRIE COOK

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 370 Other Fraud | 710 Fair Labor Standards Act | 880 Defend Trade Secrets Act of 2016 | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury | 371 Truth in Lending | 720 Labor/Management Relations | | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 380 Other Personal Property Damage | 740 Railway Labor Act | **SOCIAL SECURITY** | 490 Cable/Sat TV |
| 196 Franchise | | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 861 HIA (1395ff) | 850 Securities/Commodities/ Exchange |
| | | | 790 Other Labor Litigation | 862 Black Lung (923) | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 864 SSID Title XVI | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | [x] 442 Employment | 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Civil Rights Act, Title VII and Section 1981
Brief description of cause:
Plaintiff was subjected to race discriminatory failure to train, suspension and termination

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:
JUDGE _____  DOCKET NUMBER _____

DATE: November 27, 2024
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

STELLA VELEZ-SANTIAGO : CIVIL ACTION No.
    Plaintiff, :
vs. :
:
CAMPBELL'S SOUP COMPANY :
PEPPERIDGE FARM INCORPORATED, and :
SHERRIE COOK :
    Defendants :

---

**COMPLAINT AND JURY DEMAND**

**INTRODUCTION**

1. Plaintiff, Stella Velez-Santiago, in the above captioned matter, claims a sum in excess of Three Hundred Thousand Dollars ($300,000.00) in damages and upon her causes of action, avers as follows:

2. This action for monetary damages and other appropriate relief is brought by Plaintiff to redress violations by Defendants, Campbell's Soup Company (hereinafter "Campbell's Soup"), Pepperidge Farm Incorporated, (hereinafter "Pepperidge Farm") and Sherrie Cook (hereinafter "Cook") of rights secured to Plaintiff by the laws of the United States of America and the Commonwealth of Pennsylvania.

3. This action arises under the Civil Rights Act 42 U.S.C. 2000e et seq, (Title VII), Section 1981 of the Civil Rights Act and the Pennsylvania Human Relations Act, ("PHRA"), which prohibit race discrimination in employment and is brought by Plaintiff to redress arbitrary, malicious, reckless, improper, unlawful, willful, and deliberate discrimination by Defendants.

1

## II. JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331, which provide for the original jurisdiction of Plaintiff's claims arising under the laws of the United States of America.

5. Plaintiff exhausted her administrative remedies before bringing her Title VII, and PHRA claims to Court. On August 23, 2023, Plaintiff dual filed her charge with the EEOC and PHRC. On September 22, 2023, the EEOC referred the Charge to the PHRC for investigation. It has been over one year since Plaintiff filed her administrative Charge/Complaint against Defendants with the EEOC and PHRC. On October 17, 2024, the EEOC issued Plaintiff her right to sue letter with regards to her Title VII claims against Defendants. A copy of which is attached hereto.

6. The venue of this Court is proper pursuant to the dictates of Title 28 U.S.C. §1391 (c).

## III. PARTIES

7. Plaintiff, Stella Velez-Santiago, is a citizen of the United States and the Commonwealth of Pennsylvania, who currently resides in Denver, Pennsylvania.

8. Defendant, Campbell's Soup, is a business entity doing business in Pennsylvania, with its headquarters located at 1 Campbell Place, Camden, NJ 08103.

9. Defendant, Pepperidge Farm Incorporated, is a wholly owned subsidiary of Campbell's Soup, is a business entity doing business in Pennsylvania, with its headquarters located at 1 Campbell Place, Camden, NJ 08103.

10. Defendant, Sherrie Cook Caucasian female, Defendants Campbell Soup and Pepperidge Farm's Human Resources Manager, is a citizen of the United States and currently resides within the Commonwealth of Pennsylvania.

### IV. BRIEF STATEMENT OF FACTS

11. Plaintiff is an African American woman and was hired by Defendants, Campbell's Soup and Pepperidge Farms, a subsidiary of Respondent Campbell's Soup Company, at their plant located at 2195 North Reading Road, Denver, Lancaster County, Pennsylvania, on or about May 30, 2018 as a substitute GBH, after working as a temporary employee for Defendants, but under a temp agency for 8 months.

12. Plaintiff applied for a machine depositor operator position for **Line 1** later in 2021 and she officially started in that position with Defendants in April of 2021.

13. The machine depositor operator's position is in the processing area of the department, which was completely different from Plaintiff's previous role as a substitute GBH in packaging.

14. On July 24, 2023, Plaintiff was suspended, and then terminated on July 28, 2023 from her position based on false and discriminatory allegations, because of her race.

15. On July 17, 2023, Plaintiff responded to a call from another machine depositor operator on **Line 4**, Debbie Dillow, (White/female), about an issue with her machine on Line 4 which required immediate help.

16. Plaintiff **had not** been trained on this **Line 4 machine** by Defendants, **despite Plaintiff's prior numerous requests** to her supervisors to be trained on this machine.

17. Another operator named Eid Saan, White male, got to the machine operator on Line 4 first and **started assisting Ms. Dillow**. Mr. Saan reached into the machine with a long scraper **without "lock out tag out"**.

18. Plaintiff got to Line 4 later and assisted Ms. Dillow to replace a broken wire on Line 4.

19. Plaintiff was never trained on any other machines except for her machine on Line 1 **(which does not require "lock out tag out" because it is 100% control reliable)**.

20. However, Ms. Dillow and Mr. Saan were previously trained on the Line 4 machine by Defendants, and this was Ms. Dillow's regular machine.

21. **Ms. Dillow did not "lock out tag out" this machine when she and Plaintiff were done replacing the broken wire on Line 4.**

22. However, Defendants terminated Plaintiff for not performing the "lock out tag out' on this Line 4 machine, a function Defendants never trained Plaintiff how to do prior to this incident.

23. Yet, Ms. Dillow and Mr. Saan, the two white operators who had been trained on this Line 4 machine **were not terminated for not performing the "lock out tag out" on this machine when they were finished fixing it** on July 17, 2023 with Plaintiff.

24. Plaintiff was unjustly terminated because of her race as she was not trained on that Line 4 or any other line that required a "lock out tag out" for that matter despite Plaintiff making several requests to her supervisors to train her on these other lines. However, the white machine operator, who was trained and primarily responsible for operating this machine, Ms. Dillow and the other white person, Mr. Saan, who also assisted Ms. Dillow with the issue she was having on the machine on July 17, 2023, were not terminated.

4

25. Plaintiff's immediate supervisor, **Jacob Maier**, white male, expected the operators to help each other at every given opportunity, which is the reason Plaintiff jumped in to help Ms. Dillow on July 17, 2023.

26. That same week of the incident, Plaintiff saw at least three other white operators including the plant manager, working on that Line 4 or other lines without locking out, but these white co-workers were not terminated.

27. Defendants have surveillance cameras in the plant that would show these other white employees not locking out the machine, but they were not terminated.

28. Below is the list of these other white employees Plaintiff observed not locking out the machines but were not terminated by Defendants.

    - **Jennifer Ottman, white female**-Helped with changeover on line 4 without lock out tag out.

    - **Lee Bloom, white male**-Helped with end-of-production on line 4 without lock out tag out.

    - **Blake DeMatteo, white male**-changed oven-band towels on line 6 without lock out tag out.

    - **Eid Saan, white male**-Helped to change wire on line 4 without lock out tag out.

29. From time to time, all the operators get involved in something called end-of-production and start-of-production, which requires complete lock out tag out of certain lines. But no operators applied the locks, and Defendants never said anything about it despite all the CCTV cameras they have watching the operators at every corner.

30. Prior to this incident on July 17, 2023, Plaintiff had no safety or attendance violation record or any kind of violation record whatsoever in her employment history with Defendants.

31. On several occasions, Plaintiff got recognition from her manager for her outstanding performance at the job.

32. Plaintiff got several "thank you notices" coupons from her immediate supervisor for helping others and for Plaintiff's attention to detail.

33. Before she was terminated by Defendants, Plaintiff was appreciated by her supervisor for catching a fire at the oven that could have led to a full-blown disaster if it wasn't caught early.

34. Yet, on July 24, 2023 Plaintiff was suspended by Defendant's Human Resources Manager, Sherrie Cook, and then terminated on July 28, 2023, by Cook.

35. Defendant Cook was informed and aware of the disparate treatment of Plaintiff as compared to the listed Caucasian machinists on July 24, 2023 and July 28, 2023, but failed to take remedial action to correct the race discriminatory treatment of Plaintiff.

36. Plaintiff asserts that she was subjected to racially motivated failure to train on Line 4, suspension on July 24, 2023 and termination of her employment on July 28, 2023, by Defendants in violation of the Civil Rights Act, Title VII.

37. Plaintiff further asserts that Defendants' conduct, and actions as stated above were violations of the Pennsylvania Human Relations Act.

38. Plaintiff asserts that she was subjected to racially motivated failure to train on the Line 4 machine and similar machines, suspension and then terminated by Defendants in violation of the Civil Rights Act, Section 1981.

V.  STATEMENT OF CLAIM

**COUNT ONE – Title VII VIOLATIONS –Race Discrimination**
**Plaintiff v. Campbell's Soup and Pepperidge Farm Only**

39. Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 38 as if the same were fully set forth at length herein.

40. The acts and conducts of Defendants Campbell's Soup and Pepperidge Farm through their respective agents, officers, employees, supervisors, managers and officials as stated above where Plaintiff was subjected differential treatment in her employment because of her race, are violations of Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq.

41. As a direct result of the said discriminatory practices of the Defendants in violation of Title VII, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damage to reputation.

**COUNT TWO –PHRA VIOLATION – RACE DISCRIMINATION**
**Plaintiff v. All Defendants**

42. Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 41 above as if same were fully set forth at length herein.

43. The acts and conducts of Defendants Campbell's Soup and Pepperidge Farm through their respective agents, officers, employees, supervisors, managers and officials as stated above where Plaintiff was subjected differential treatment in her employment because of her race, are violations of Pennsylvania Human Relations Act, Title 43 Pa. Cons. Stat. Ann. §951 et seq.

44. Defendant Cook aided and abetted the racial discrimination of the Plaintiff and the

violation of her rights under this statute.

45. As a result of the said discriminatory practices of these Defendants in violation of the PHRA, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, mental anguish, emotional distress, humiliation, and damages to reputation.

### COUNT THREE –Section 1981 VIOLATIONS-Race Discrimination
### Plaintiff v. All Defendants

46. Plaintiff incorporates by reference all allegations alleged in paragraphs one 1 through 45 above as if same were fully set forth at length herein.

47. The acts and conduct of Defendants as stated above where Plaintiff was subjected to discriminatory treatment in her employment because of her race were violations of the Civil Rights Act 42 USC §1981.

48. As a direct result of said discriminatory practices of Defendants, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

### VI.    **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully demands judgment against Defendants, and request that this Honorable Court:

A. Enter judgment against Defendants and award Plaintiff back pay, front pay, loss of income, loss of benefits, pre and post judgment interests, costs of suit, liquidated damages, compensatory damages for emotional upset, mental anguish, humiliation, loss of life pleasures, loss of self-esteem and all pain and suffering arising from the

discriminatory conducts of Defendants, punitive damages, attorneys' fees and expert witness fees as permitted by law.

B. Award such other equitable relief, as the Court may deem necessary and just, including but not limited to an Order to make whole.

C. Declaring that the acts and practices complained of herein violate the Civil Rights Act, 42, U.S.C. Section 1981 protection against race discrimination.

D. Declaring that the acts and practices complained of herein violate the PHRA protections against race discrimination.

E. Declaring that the acts and practices complained of herein violate the Title VII protections against race discrimination.

F. Enjoining and restraining the acts and practices complained of herein.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact raised by this complaint.

ABIONA LAW PLLC

Olugbenga O. Abiona, Esquire
Attorney ID # 57026
121 South Broad Street, Suite 1200
Philadelphia, PA 19107
(215) 833-8227
Attorney for Plaintiff

Dated: November 27, 2024

EEOC Form 161-B (01/2022)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Stella Valez-Santiago<br>261 Beech Street<br>Denver, PA 17517 | From: | Philadelphia District Office<br>801 Market St, Suite 1000<br>Philadelphia, PA 19107 |
|---|---|---|---|

| EEOC Charge No.<br>530-2023-07962 | EEOC Representative<br>Jane Duncan,<br>State, Local & Tribal Program Manager | Telephone No.<br>(267) 589-9737 |
|---|---|---|

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

- More than 180 days have passed since the filing of this charge.
- The EEOC is terminating its processing of this charge.

*Age Discrimination in Employment Act (ADEA):* You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** *of your receipt of this Notice.* Otherwise, your right to sue based on the above-numbered charge will be lost.

*Equal Pay Act (EPA):* You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By: Karen McDonough
10/17/2024

Enclosures(s)

**Karen McDonough**
**Deputy District Director**

cc:   **For Respondent**

Jillian Rosenthal, General Counsel
Campbell soup Company/Pepperidge Farms
1 CAMPBELL PLACE
Camden, NJ 08103

**For Charging Party**

Olugbenga O Abiona, Esq.
Abiona Law, PLLC
121 South Broad Street, Ste. 1200
Philadelphia, PA 19107